UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO CARRILLO BECERRA,

Petitioner,

v.

TONYA ANDREWS,

Respondent.

No. 1:26-cv-08595-DAD-JDP

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS*; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DENYING PETITIONER'S MOTIONS FOR A TEMPORARY RESTRAINING ORDER AND FOR APPOINTMENT OF COUNSEL

(Doc. Nos. 1, 2, 3, 4)

Petitioner is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus filed October 19, 2026, pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner also filed a motion to proceed *in forma pauperis* (Doc. No. 2), motion for a temporary restraining order ("TRO") (Doc. No. 3), and a motion for appointment of counsel (Doc. No. 4).

The court set a briefing schedule and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 6.) In addition, respondent was directed to state any opposition it had to the court's stated intention to rule on the underlying

habeas petition based upon the current briefing as well as to provide substantive reasons in support of their position in this regard in its opposition. (*Id.*) On October 22, 2026, respondent filed a response in opposition to the TRO motion and stated it had no objection to the court ruling on petitioner's underlying habeas petition based on the current briefing. (Doc. No. 8 at 1.) Thus, the court will do so now.

Petitioner is a citizen of Mexico. (Doc. No. 1 at 4.) He last entered the United States at an unknown time and place and was not encountered by immigration officials. (Doc. No. 8 at 12.) He has been in immigration detention since October 8, 2026. (Doc. No. 1 at 5.) On the same date, the government issued a notice to appear ("NTA"). (Doc. No. 8 at 12.) In that NTA, the government stated that petitioner was never admitted or paroled by immigration officials. (*Id.*) Nonetheless, respondent concedes that petitioner's current immigration detention is governed by 8 U.S.C. § 1226(a). (Doc. No. 8 at 3–4.) Accordingly, the court will look to the due process protections associated to which those detained pursuant to § 1226(a) are entitled to in analyzing the pending petition. Here, there is no evidence before the court indicating that petitioner ever received a *pre*-deprivation hearing.

In its response to the petition and motion for a temporary restraining order, respondent argues that petitioner can request a *post*-deprivation bond procedure which would satisfy § 1226(a). (Doc. No. 8 at 3–4.) The court rejects this argument. Instead, the court adopts its reasoning set forth in *Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR (HC), 2026 WL 2294963 (E.D. Cal. Aug. 10, 2026), and finds that respondent's failure to detain petitioner in compliance with the procedures required by § 1226(a), the provision respondents concede governs petitioner's current detention, requires his immediate release. In *Zurita Navarro*, 2026 WL 2294963, at *1, the undersigned set forth the due process that must be provided to one detained pursuant to § 1226(a). Those procedures include a petitioner being provided with an i*nitial* custody determination by an immigration officer at which a petitioner is provided the opportunity to demonstrate that his release would not pose a danger or flight risk. That was not provided to petitioner here and that failure alone compels the conclusion that petitioner is entitled to release. *See Zurita Navarro*, 2026 WL 2294963, at *2–3.

Accordingly,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED:

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Francisco Carrillo Becerra, A-File No. 240-174-513 from respondent's custody;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its implementing regulations;

3. Petitioner's motions for a temporary restraining order (Doc. Nos. 3) and for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting habeas relief;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Golden State Annex; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **November 9, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE